**E-FILED on** __8/23/07__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUIS DUENES MARTINEZ, | No. C-06-00496 RMW |
| Petitioner, | |
| v. | ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL |
| MIKE EVANS, Warden, | **[Re Docket No. 9]** |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 11, 2006, the court ordered respondent to show cause why the petition should not be granted. Petitioner submits an *ex parte* request for an order for *nunc pro tunc* appointment of William M. Robinson from the Sixth District Appellate Program as counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). Robinson prepared petitioner's habeas petition on a pro bono basis, appeared in this case on February 16, 2007 and has now filed a traverse on petitioner's behalf. Respondents have not opposed petitioner's request.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner when "the court determines that the interests of justice so require . . . ." *See also* 28

**United States District Court**
For the Northern District of California

1  U.S.C. § 1915(a) and Rule 8(c), foll. 28 U.S.C. § 2254.  Appointment of counsel is required

2  where an evidentiary hearing must be held, but where one is not mandated the decision to appoint

3  counsel is discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481

4  U.S. 1023 (1987).  The court must appoint counsel where the complexities of the case are such that

5  denial of counsel would amount to a denial of due process.  *Brown v. United States*, 623 F.2d 54, 61

6  (9th Cir. 1980).

7        The court finds this action sufficiently complex and meritorious to warrant the requested

8  appointment of counsel.  Petitioner alleges that the denial of presentence and post-conviction time

9  credits pursuant to Cal. Penal Code § 2933.1 for crimes committed before the effective date of §

10 2933.1 violated the Ex Post Facto Clause (U.S. Const. Art. I, § 10, cl. 1) and that the state court's

11 determination was contrary to, or an unreasonable application of, federal law.  This presents

12 a complex constitutional issue on which the petitioner has some likelihood of success and

13 with which he may legitimately require counsel's assistance to articulate.  *See Weygandt v.*

14 *Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Accordingly, the court hereby appoints William M.

15 Robinson as counsel for petitioner.  Mr. Robinson, a staff attorney with the Sixth District

16 Appellate Program, represented petitioner in state court, prepared petitioner's federal habeas

17 petition *pro bono* and is familiar with petitioner's case.

18       Counsel may seek payment for his representation of petitioner as provided in 18

19 U.S.C. § 3006A(d) and (e) and General Order No. 2 of the Criminal Justice Act Plan for the

20 United States District Court for the Northern District of California, IV-D ("Discretionary

21 Appointments").

### III. ORDER

23       For the foregoing reasons, petitioner's *ex parte* motion for *nunc pro tunc* appointment

24 of counsel is granted.

25

26

27 DATED:    8/22/07                          *Ronald M. Whyte*

28                                                      RONALD M. WHYTE
                                                     United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Petitioner:**

3  William M. Robinson          bill@sdap.org

4  **Counsel for Defendants:**

5
   Amy Haddix                   amy.haddix@doj.ca.gov
6  Peggy S. Ruffra              peggy.ruffra@doj.ca.gov

7
   Counsel are responsible for distributing copies of this document to co-counsel that have not
8  registered for e-filing under the court's CM/ECF program.

11 **Dated:**       8/23/07                        /s/ MAG
                                         **Chambers of Judge Whyte**