*E-FILED - 3/25/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS DUENES MARTINEZ, | ) | No. C 06-0496 RMW |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) ) | |
| MIKE EVANS, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of his sentencing credits in violation of the ex post facto clause of the United States Constitution. U.S. Const., Art. I, § 9, cl. 3; § 10, cl. 1. This court found that the petition stated a cognizable claim and ordered respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and petitioner filed a traverse. After reviewing the papers and the underlying record, the court concludes that petitioner is not entitled to relief based on the claim presented. Accordingly, the court denies the petition.

\\\

\\\

\\\

\\\

# **BACKGROUND**[1]

In September 2001, petitioner was charged with fourteen sexual offenses involving three male victims, all of whom were under the age of fourteen. Resp. Ex. 9 at 2. In December 2001, petitioner entered into a plea agreement with the prosecution.[2] Id. at 3. At the plea hearing, the parties expressed a mutual understanding that petitioner's sentence would be subject to fifteen percent good time credit limitation. Id.

> At the change of plea hearing, the prosecutor stated that "it is the People's understanding, *and this is an actual condition of the plea*, that by doing this he will be admitting counts as to all three victims...; *that he will be required to serve at least 85 percent of his sentence because these are violent felonies* and they are 667.5, and that he will receive a prison sentence of twenty-six years top/bottom."
>
> The judge asked both defendant and his counsel whether the prosecutor's statement comported with their understanding of the plea agreement. Both answered affirmatively.

Id. at 3 (emphasis added).

In February 2002, petitioner was sentenced to consecutive sentences totaling twenty-six years,[3] and given credit for 178 days for time served and good conduct credit.[4] Id. at 4. In January 2003, petitioner filed a motion in the superior court seeking an additional fifty-three days of presentence credits and an amendment to the judgment applying the statutory limitation on prison credits to only one portion of his sentence. The People opposed the motion. Id. The

---

[1] The relevant facts are taken from the unpublished opinion of the California Court of Appeal, Sixth Appellate District, People v. Luis Duenes Martinez, Case No. H025956 (August 12, 2004), Respondent's Exhibit 9.

[2] Petitioner pled guilty to counts one, five, six, and eleven. In exchange, the People agreed to dismiss the ten other counts.

[3] Petitioner's sentences were as follows: 16 years for count 5, 6 years for count 1, and 2 years each for counts 6 and 11.

[4] At that point, petitioner had served 155 days of actual time, and was credited with 23 days of conduct credit. The 23 days of conduct credit was the result of a calculation conforming with the terms of the negotiated guilty plea, which limited petitioner's credits to 15 percent (155 multiplied by .15 (or 15%) = 23).

1  superior court granted petitioner's motion based on constitutional ex post facto principles, but
2  did not expressly decide whether the statutory limitation on credits was a condition of
3  petitioner's plea. Id. at 5.
4      In May 2003, the People timely appealed the superior court's order granting petitioner's
5  motion for additional sentence credits. Id. The California Court of Appeal reversed the superior
6  court's order granting petitioner additional sentencing credits on August 12, 2004. The
7  California Supreme Court denied a petition for review on November 10, 2004. Petitioner filed
8  the instant federal petition on January 25, 2006.

## DISCUSSION

### A. Standard of Review

This court may grant a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

1  Rather, that application must also be unreasonable." Id. at 411.

2  A federal habeas court making the "unreasonable application" inquiry should ask
3  whether the state court's application of clearly established federal law was "objectively
4  unreasonable." Id. at 409.  The "objectively unreasonable" standard does not equate to "clear
5  error" because "[t]hese two standards... are not the same.  The gloss of clear error fails to give
6  proper deference to state courts by conflating error (even clear error) with unreasonableness."
7  Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

8  A federal habeas court may grant the writ if it concludes that the state court's
9  adjudication of the claim "resulted in a decision that was based on an unreasonable
10 determination of the facts in light of the evidence presented in the State court proceeding." 28
11 U.S.C. § 2254(d)(2).  The court must presume correct any determination of a factual issue made
12 by a state court unless the petitioner rebuts the presumption of correctness by clear and
13 convincing evidence.  28 U.S.C. § 2254(e)(1).

**B.     Analysis of Legal Claim**

15       1.     Violation of Ex Post Facto Clause

16  Petitioner claims that the state appellate court violated the ex post facto clause of the
17 United States Constitution by denying him presentence and post-conviction time credits pursuant
18 to California Penal Code section 2933.1[5] for counts one, five, and six, which occurred before the
19 effective date of section 2933.1.[6]  Petition at 1-2.  Specifically, petitioner contends that he did

---

[5]The relevant portions of Penal Code section 2933.1 are as follows:

(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit as defined in section 2933.

(d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative.

[6]The effective date of Penal Code section 2933.1 is September 21, 1994.  Count one was committed between June 1, 1990 and October 17, 1990.  Count five was committed between November 18, 1992 and November 17, 1993.  Count six was committed between January 12, 1991, and January 11, 1993.  As such, each of these offenses was committed before the effective date of section 2933.1.

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.06\Martinez496den            4

not waive his constitutional ex post facto protections by entering into the plea agreement. Id. at 5. Petitioner asserts that the statements made at the sentencing hearing were not conditions of the plea agreement, but advisements as to the sentence to be imposed. Petitioner maintains that the state appellate court misinterpreted the meaning of the conversation between the parties and the superior court that occurred at the sentencing hearing. Id. at 6.

The state appellate court addressed: (1) whether petitioner's ex post facto claim survived his guilty plea; (2) whether the statements of the parties regarding the sentence limitations at the plea hearing were part of the plea agreement; (3) whether petitioner could waive his ex post facto rights; and (4) whether petitioner had waived his ex post facto rights. Initially, the appellate court assumed that petitioner's underlying ex post facto constitutional claim survived his guilty plea. The court reasoned that, absent a waiver of ex post facto protections, the application of Penal Code section 2933.1 to petitioner's offenses committed before the statute's effective date would normally violate the ex post facto clause. Resp. Ex. 9 at 6, 25.

Based upon its review of the underlying record, the appellate court concluded that the parties' statements at the plea hearing concerning petitioner's good-time credit limitations were in fact part of the plea agreement. The appellate court found that the trial court was not responsible for advising petitioner of every single contingency related to his eligibility for good-time credits. Id. at 11. The court relied on the prosecutor's statement: "It is the People's understanding, *and this is an actual condition of the plea*, *that by doing this [petitioner] will be* admitting counts...*that he will be required to serve at least 85 percent of his sentence*...and that he will receive a prison sentence of twenty-six years." Id. (emphasis added). When petitioner and his counsel were asked whether the prosecutor's statement comported with their understanding of the plea agreement, both answered affirmatively. Id. at 3. Later, the prosecutor reiterated that "[t]he maximum good time he can receive in this case would be a maximum of 15 percent," to which the superior court responded: "I told him he would have to serve 85 percent of his time." Id. at 14. The appellate court concluded that petitioner understood, that as a condition of the plea agreement, he must serve eighty-five percent of his sentence. Id.

In considering whether petitioner could waive his entitlement to good-time credits, the

1  appellate court held that criminal "[d]efendants may waive their statutory entitlement to sentence
2  credits," and that "[d]efendants may waive future sentence credits, as well as those that have
3  already accrued." Id. at 16. The appellate court recognized that "[a] defendant's
4  'straightforward and unconditional waiver of section 2900.5 credits' constitutes a 'waiver of
5  such credits for all purposes.'" Id. at 17 (quoting People v. Arnold, 33 Cal.4th 294, 296 (2004)).
6  Therefore, the appellate court held that a waiver of any statutory credits is a waiver of those
7  credits for all purposes.

8  Next, the appellate court considered whether petitioner waived his ex post facto
9  protections by agreeing to the statutory credit limitation and by pleading guilty. Id. at 25.

> To be effective, the waiver of constitutional rights by guilty plea must be both
> voluntary and intelligent. ¶ Various factors affect the determination of
> voluntariness...'A plea may be involuntary either because the accused does not
> understand the nature of the constitutional protections that he is waiving
> [citation], or because he has such an incomplete understanding of the charge
> that his plea cannot stand as an intelligent admission of guilt.' (*Henderson v.
> Morgan,* (1976) 426 U.S. 637, 645, fn. 13.). ¶ In assessing whether a waiver
> of rights by plea is knowing and intelligent, courts consider whether the
> defendant 'was advised by competent counsel,' whether 'he was made aware
> of the nature of the charge against him,' and whether 'he was incompetent or
> otherwise not in control of his mental faculties...' (*Brady v. United States,
> supra,* (1970) 397 U.S. at p. 756.) Courts also seek to ensure that the
> defendant has a 'full understanding' of 'the possible consequences of his plea.'
> (*Id.* at p. 748, fn. 5.)

Id. at 27.

Additionally, the court observed that an effective waiver requires a defendant to
understand the impact that the waiver has on the amount of time that he may be incarcerated. Id.
at 25-27. The appellate court acknowledged that a criminal defendant who pleads guilty
necessarily waives certain constitutional rights, but some constitutional protections are not
waived by a guilty plea. Id. at 25-26. Nevertheless, the appellate court concluded that there was
no reason to differentiate ex post facto protections from other constitutional rights that are
subject to waiver by the entry of a guilty plea. Id. at 26.

Based on its review of the record, the appellate court found that the record did not
demonstrate that petitioner specifically "understood that he was conceding constitutional [ex
post facto] rights by agreeing to the limitation." Id. at 28. However, the court reasoned that

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.06\Martinez496den            6

1  because "the plea was *voluntary and intelligent* under the totality of the circumstances,"
2  petitioner waived his ex post facto challenge by the terms of the oral plea agreement. Id. at 28
3  (emphasis added) (citing People v. Howard, 1 Cal.4th 1132, 1178 (1992)).  The court recognized
4  that petitioner and his counsel understood and agreed that his sentence credits would be subject
5  to a limitation of a total of fifteen percent pursuant to the plea agreement, and that he would be
6  required to serve eighty-five percent of his sentence as a result. Id. at 28.  Therefore, petitioner's
7  guilty "plea effected a valid waiver of his constitutional ex post facto protections." Id.

8  The United States Constitution prohibits the federal government and the states from
9  passing any "ex post facto Law." U.S. Const., Art. I, § 9, cl. 3 (federal government); Art. I, § 10,
10 cl. 1 (states).  These clauses prohibit the government from enacting laws with certain retroactive
11 effects: any law that (1) makes an act done before the passing of the law, which was innocent
12 when done, criminal; (2) aggravates a crime or makes it greater than it was when it was
13 committed; (3) changes the punishment and inflicts a greater punishment for the crime than the
14 punishment authorized by law when the crime was committed; or (4) alters the legal rules of
15 evidence and requires less or different testimony to convict the defendant than was required at
16 the time the crime was committed. See Stogner v. California, 539 U.S. 607, 612-13 (2003)
17 (citing Calder v. Bull, 3 Dall. 386 (1798)).

18 Due process requires that a guilty plea be both knowing and voluntary because it
19 constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront
20 one's accusers, and the privilege against self-incrimination.[7] See Boykin v. Alabama, 395 U.S.
21 238, 242-43 (1969).  However, due process does not require a state court to enumerate all the
22 rights a defendant waives when he enters a guilty plea as long as the record indicates that the
23 plea was entered voluntarily and understandingly. See Rodriguez v. Ricketts, 798 F.2d 1250,

---

[7] By pleading guilty, a defendant does not waive his privilege against self-incrimination at the sentencing phase. See Mitchell v. United States, 526 U.S. 314, 321 (1999). The waiver of the self-incrimination privilege that occurs during a guilty plea colloquy refers to the privilege that could be invoked if the defendant went to trial, and not to the privilege in all contexts. See id. at 324.

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.06\Martinez496den          7

1254 (9th Cir. 1986), cert. denied, 479 U.S. 1057 (1987); Wilkins v. Erickson, 505 F.2d 761, 763 (9th Cir. 1974). A plea is not voluntary unless it is "entered by one fully aware of the direct consequences" of the plea. Brady v. United States, 397 U.S. 742, 755 (1970); see Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987).

A defendant may validly waive any ex post facto challenge to his sentence in a plea agreement or a plea colloquy, and accept an "extralegal" sentence that is longer than the applicable statute allows at the time, in exchange for some benefit to him. Rose v. Palmateer, 395 F.3d 1108, 1113-14 (9th Cir. 2005) (finding ex post facto challenge waived where plaintiff accepted harsher sentence than available under statute applicable to him at the time in order to avoid a possible death sentence at trial). Moreover, the defendant need not specifically understand that he is waiving the ex post facto challenge for the waiver to be knowing and voluntary. Id. at 1113.

After a careful review of the record, the state appellate court found that petitioner knowingly and intelligently waived his right to constitutional ex post facto protections, based upon the statements of petitioner, the superior court, and the prosecutor at the plea hearing. The record demonstrates that petitioner entered into the plea agreement with knowledge of the direct consequences and the range of his potential sentence.

Even if petitioner did not specifically understand that he was waiving his ex post facto rights by pleading guilty, federal law does not require states to enumerate all of the rights a defendant waives when he enters a guilty plea, as long as the record indicates that the plea was entered into voluntarily and understandingly. See Rodriguez, 798 F.2d at 1254. Finally, petitioner received a significant benefit by entering into his plea agreement and waiving his ex post facto rights: he avoided almost thirty years of potential prison time by entering into the plea agreement. Resp. Ex. 9 at 29; see Rose, 395 F.3d at 1113-14. Here, petitioner was fully aware of the consequences of his guilty plea, that his sentencing credits would be limited to 15 percent. Therefore, this "extralegal" sentence was not in violation of federal case law. See Rose, 395 F.3d at 1113-14. Petitioner's knowing and voluntary guilty plea satisfies due process. See Boykin, 395 U.S. at 242-43.

1 \\\

2 \\\

3 Accordingly, the court concludes that the state appellate court's determination was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

The court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings.  Accordingly, the petition for writ of habeas corpus is DENIED.  The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 3/21/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge